**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **GUADALUPE GUAJARDO, JR.** | § | |
| **Petitioner** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-04-620** |
| | § | |
| **DOUG DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE–INSTITUTIONAL DIVISION,** | § | |
| **Respondent** | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the Ellis Unit in Huntsville, Texas.  Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on November 23, 2004 (D.E. 1).  Petitioner claims that his constitutional rights are being violated in the following manner: (1) Respondent is violating his rights to due process and equal protection by failing to properly apply and enforce the good conduct law in effect at the time of his original conviction; (2) Respondent failed to properly calculate his release date based on his original conviction and petitioner is serving more time as a technical parole violator than he would if he were serving his life sentence anew; (3) TEX. CODE CRIM. PRO. Art. 42.18 § (b)(2) is being applied retroactively to petitioner in a manner that violates the *ex post facto* clause of the Texas and United States constitutions and (4) Respondent is abusing its discretion under TEX. CODE CRIM. PRO. Art. 42.18 § (b)(2) by not granting petitioner release on parole.  Respondent filed motions to dismiss on April 6 and April 26, 2005 to which petitioner responded on April 28 and May 4, 2005 (D.E. 16, 20, 22-24).

## BACKGROUND

Petitioner was convicted of the murder of a police officer in the 79th Judicial District Court in Jim Wells County, Texas in 1962 and a jury assessed punishment at life imprisonment. Guajardo v. State, 363 S.W.2d 259 (Tex. Crim. App. 1963).  He was paroled from 1975 until 1986 when he was incarcerated again until 1988.  Petitioner's parole was revoked in 1993 following a conviction for being a felon in possession of a firearm and he has been in custody since that time.  Guajardo v. Texas Board of Pardons and Paroles, No. 03-03-00539-CV, 2004 WL 962882 (Tex. App.--Austin  May 6, 2004, no writ)(not designated for publication). Petitioner asserts that in parole interviews in 1994, 1997, 2000 and 2003 he was told that he needed to accrue 40 years of flat time in order to be eligible for parole (D.E. 1, p. 7d).  As of August 5, 2003 he had served approximately 28 years of calendar time and had accrued approximately 33 years of good-time credits (D.E. 1, p. 7a).  The crux of Guajardo's request for habeas relief is that under the law in effect at the time of his murder conviction he would be eligible for parole, but respondent is analyzing his parole eligibility based TEX. CODE CRIM. PRO. Art. 42.18 § (b)(2), which became effective in 1977 and which requires him to serve 40 years of calendar time before becoming eligible for release to parole.

Respondent concedes that petitioner has exhausted his administrative remedies but argues that petitioner's cause of action should be dismissed because (1) it is successive; (2) it is barred by limitations; (3) his claims are procedurally defaulted and (4) he has otherwise failed to state a claim for relief.  Petitioner counters that his claim is not successive and should not be barred by limitations because he could not foresee the future when he filed his prior petition.  He also claims that his  application for habeas relief should not be procedurally defaulted because he has shown cause for the default and he argues that he continues to suffer prejudice because of the retroactive

application of the current parole laws to the calculation of his sentence.  Finally, he argues that he

has stated a claim for habeas relief because he is entitled to have the law in effect at the time he

committed his original offense applied to his request for parole.

## APPLICABLE LAW

### A.  Second or Successive

The enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132,

110 Stat. 1214 (April 24, 1996)("AEDPA") made it "significantly harder for prisoners filing

second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the

merits of their claims."  Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999), cert. denied, 529

U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000).  Pursuant to 28 U.S.C. § 2244(b)(3)(A),

before a second or successive application is filed in the district court, the applicant must move in

the court of appeals for an order authorizing the district court to consider the application.  "Indeed,

the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider

the challenges to the same convictions unless an appellate panel first found that those challenges

had some merit."  United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)(citing In re Cain, 137

F.3d 234, 235 (5th Cir. 1998)).

A petition is "second or successive" if it raises a ground that was or could have been

raised in an earlier petition, or if it otherwise constitutes an abuse of the writ.  United States v.

Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).  Petitioner filed an application for habeas

corpus relief in this court in 2000 and it was dismissed on March 2, 2001 as having been untimely

filed.  Guajardo v. Johnson, No. 00-152 (S.D. Tex., March 2, 2001).  Petitioner knew at the time

he filed his petition in 2000 that respondent was calculating his eligibility for parole based on

current law and he could have included his claim in the earlier petition.  Accordingly, his current petition is successive.

This court lacks jurisdiction over a habeas action that is second or successive.  See Key, 205 F.3d at 774; Hooker v Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).  Because petitioner has not shown any authorization from the United States Court of Appeals for the Fifth Circuit to file this petition, as required by § 2244(b)(3)(A), it should be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

## B.  Statute of Limitations

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant  was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus on December 21, 2003, and so is subject to the AEDPA provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

In United States v. Flores, 135 F.3d 1000 (5th Cir. 1998), the Fifth Circuit held that prisoners were entitled to a reasonable time after the AEDPA became effective to file petitions for collateral relief under 28 U.S.C. §§ 2254 and 2255.  The Court further found that a reasonable period under AEDPA for causes of action accruing prior to April 24, 1996 was one year from the date it was enacted, or April 23, 1997.  Id., 135 F.3d at 1006.  Petitioner knew at least by 1994 that respondent was calculating his eligibility for parole based on the 1977 law and his cause of action accrued at that time.  Because petitioner's cause of action accrued prior to the enactment of AEDPA, the Flores one year reasonable time limit would apply, making the last day he could have filed his petition April 23, 1997.  Petitioner did not file his law suit until November 23, 2004, more than seven years after the deadline.  Accordingly, it is time-barred.

Also, although the one year grace period is tolled during all time periods in which a properly filed state petition for habeas corpus is pending, Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1998), petitioner did not file the state habeas application challenging the application of TEX. CODE CRIM. PRO. Art. 42.18 § (b)(2) to his parole eligibility until well after the deadline had passed, so the period was not tolled.

Nor has petitioner shown that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  Coleman v. Johnson, 184 F.3d 398, 402 (citations

omitted).  Because equitable tolling is available only when the petitioner meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases.  Henderson v. Johnson, 1 F.Supp.2d 650, 653 (N.D. Tex. 1998); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).  See also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)(commenting that court can allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances).  Because petitioner did not file his federal habeas corpus application in a timely manner, it should be dismissed.

## C.  Procedurally Defaulted

Respondent argues that petitioner's case is procedurally barred because his last state application, Ex Parte Guajardo, Application No. 1,588-24, was dismissed as successive by the Texas Court of Criminal Appeals.  A federal court is barred from reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 2554, 115 L.Ed.2d 640 (1991).  Where a state court has explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice.  Id., 501 U.S. at 750.  A miscarriage of justice in this context means that the petitioner is actually innocent of the crime of which he was convicted.  Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992); Smith v. Dixon, 14 F.3d 956, 974 (5th Cir. 1994).

Petitioner states that he has shown cause for the default, but there is no evidence in the record supporting his allegation.  Accordingly, petitioner's cause of action should be dismissed because it is procedurally barred.

## D.  Certificate of Appealability

The Supreme Court has stated that the showing necessary for a Certificate of Appealability ("COA") is a substantial showing of the denial of a constitutional right.  Hernandez v. Johnson, 231 F.3d 243, 248 (5th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  See Clark v. Johnson, 202 F.3d 760, 763 (5th Cir. 2000).  Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack, 529 U.S. at 484.  A determination of the merits of a claim should not be part of the decision to issue a COA. Rather, it is the debatability of the underlying constitutional claim, rather than its resolution, that controls whether a COA should issue.  Miller-El v. Cockrell, 537 U.S. 332, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

If the district court orders that petitioner's cause of action be dismissed, it is recommended that the motion for a COA (D.E. 23) be denied because he has not made the necessary showing for issuance.  Reasonable jurists would not debate the well-settled principles of law which preclude relief for petitioner.

**RECOMMENDATION**

Based on the foregoing, it is recommended that respondent's motions to dismiss (D.E. 16, 20) be granted and petitioner's cause of action for habeas corpus relief be dismissed as because it is successive, time-barred and procedurally barred[1].  It is further recommended that in the event petitioner seeks a Certificate of Appealability that it be denied.

Respectfully submitted  this 22nd day of August,  2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1]In the event the district court does not adopt this Memorandum and Recommendation, an analysis of respondent's argument that petitioner has failed to state a claim will be filed in a supplemental M&R.

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).